**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC**,<br>900 7th Street NW, Unit 725<br>Washington, DC 20001<br><br>Plaintiff,<br><br>**v.**<br><br>**THE REPUBLIC OF SIERRA LEONE,**<br>OAU Drive, Tower Hill<br>Freetown, Sierra Leone<br><br>Defendant. | Civil Action No. |

# COMPLAINT

Plaintiff Cohen Seglias Pallas Greenhall & Furman PC ("CSPGF") hereby files this Complaint against the above-named Defendant, and in support thereof, avers the following:

1. Plaintiff brings this action in breach of contract against Defendant the Republic of Sierra Leone (the "Republic") seeking payment of legal fees that the Republic incurred pursuant to an Engagement Agreement for legal services (the "Agreement"). A true and correct copy of the executed Agreement is attached hereto as **Exhibit A**.

## Parties

2. Plaintiff is a law firm with offices throughout the United States, including an office in the District of Columbia located at 900 Seventh Street, NW, Suite 725, Washington, DC 20001.

3. The Republic of Sierra Leone is a foreign state as defined in 28 U.S.C. § 1603 with an Embassy located at 1701 Nineteenth Street, NW, Washington, DC 20009-1605.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1330(a), which vests original jurisdiction in district courts "without regard to amount in controversy [over] any nonjury civil action against a foreign state."

5. This Court is located in the District of Columbia and therefore is the appropriate venue pursuant to 28 U.S.C. § 1391(f)(4).

6. This Court is also the proper venue by virtue of the Agreement, which vests exclusive jurisdiction over disputes pertaining to the Agreement in the United States District Court for the District of Columbia. **Ex. A. ¶ G.**

7. By signing the written Agreement and thereby consenting to the exclusive venue and jurisdiction of this Court to resolve disputes pertaining to the Agreement, the Republic has waived sovereign immunity with respect to this action. *Id.*

## Factual Background

8. On November 29, 2022, the Republic's former counsel, Jenner & Block LLP ("Jenner & Block"), filed a Complaint in this Court seeking recovery of approximately $8 million in allegedly overdue legal fees.[1]

9. On December 23, 2022, the Republic executed a written agreement retaining CSPGF as defense legal counsel in connection with the Jenner & Block fee recovery action. **Ex. A.**

10. Pursuant to the Agreement, the Republic agreed to, *inter alia*, comply with CSPGF's billing procedures, pay CSPGF attorneys' hourly rates and costs at the end of each month, and remit a retainer payment to CSPGF. **Ex. A. ¶¶ B, D, E.**

---

[1] This case was captioned *Jenner & Block LLP v. The Republic of Sierra Leone* and proceeded at docket number C.A. No. 1:22-cv-03599.

11. The Agreement also included the following dispute resolution terms:

> This Agreement shall be governed by, and interpreted by, the laws of Washington D.C., without giving effect to the choice of law provisions. Any dispute concerning this Agreement, its interpretation or the relationship between the parties shall be resolved by the U.S. District Court for the District of Columbia, which shall have exclusive jurisdiction and to which jurisdiction both parties agree to submit themselves. The parties, upon execution of this Agreement, waive any and all objections they might have had concerning jurisdiction, choice of laws, or arguments concerning convenience of the forum.
>
> **Ex. A. ¶ G.**

12. Finally, the Agreement specified that "[i]n the unfortunate event that [CSPGF is] required to incur costs in connection with collecting any invoices, [the Republic] agrees to be responsible for those costs, including reasonable attorney's fees." **Ex. A. ¶ D.**

13. The Republic paid the initial retainer as set forth in the Agreement.

14. For approximately three years thereafter, CSPGF vigorously represented the Republic, including but not limited to investigating Jenner and Block's claims, preparing and filing a motion to dismiss in response to Jenner and Block's lawsuit, developing and asserting claims on behalf of the Republic, and engaging in discovery practice that utilized court proceedings to compel Jenner & Block to produce documents and other information about its lawsuit to the Republic.

15. CSPGF was compensated for its work during this time from the initial retainer amount, and subsequently from routine payments remitted by the Republic pursuant to the terms of the Agreement.

16. On or around June of 2025, the Republic became delinquent in its payments to CSPGF.

17. In November of 2025, after years of extensive litigation, the Republic and Jenner & Block agreed to terms of a settlement ("Jenner Settlement") to resolve the matter pending at C.A. No. 1:22-cv-03599.

18. Unfortunately, the matter did not stop there, as litigation surrounding the performance of the Jenner Settlement continued through approximately June of 2026 and is ongoing.

19. On February 11, 2026, CSPGF sent the Republic a written correspondence explaining the sums that the Republic was to pay on or before March 5, 2026.

20. On March 26, 2026, the Republic responded in writing that the Government of the Republic had fully approved the payment of such sums, and that payment would be forthcoming.

21. In reliance upon the Republic's written assurances and, further, consistent with its ethical obligations pursuant to the Rules of Professional Conduct, CSPGF continued its representation of the Republic.

22. Unfortunately, despite its oral and written assurances, the Republic continued to remain delinquent in its account and it did not make any payments to CSPGF on March 27, 2026 or at any point thereafter.

23. On June 8, 2026, CSPGF advised the Republic that it could not continue its representation in connection with litigation surrounding the performance of the Jenner Settlement unless and until the Republic either became current and/or renewed its retainer fee.

24. The Republic did not become current or renew its retainer fee and, on June 26, 2026, CSPGF filed a Motion to Withdraw as Counsel for the Republic ("Withdrawal Motion").

25. Jenner & Block opposed CSPGF's Withdrawal Motion, which resulted in additional litigation for which CSPGF continued to incur fees and costs.

26. On August 7, 2026, after a hearing and an *in camera* review of documents, the Court granted the Withdrawal Motion.

27. The Republic has affirmatively acknowledged both the amount of overdue legal fees owed to CSPGF and its intent to pay such fees.

28. Despite this affirmative acknowledgement, the Republic has not paid CSPGF since approximately June of 2025.

29. CSPGF continues to send the Republic monthly invoices requesting prompt payment of its fees.

30. To date, the Republic owes CSPGF $361,511.28 in fees and costs pursuant to the Agreement.

**COUNT I**
**<u>Breach of Contract</u>**

31. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth at length herein.

32. The Agreement is a legally enforceable contract that binds the Republic.

33. CSPGF fully performed its obligations under the Agreement by providing extensive legal services in connection with the Jenner & Block fee recovery action, which ultimately resulted in a negotiated settlement.

34. Pursuant to the Agreement, the Republic was required to comply with CSPGF's billing procedures and pay CSPGF attorneys' hourly rates and costs at the end of each month.

35. The Republic failed to perform its obligations under the Agreement by not paying CSPGF's legal fees since June of 2025.

36. Not only did the Republic fail to pay CSPGF's legal fees, but it also acknowledged that CSPGF's fees were overdue and advised CSPGF, in writing, that the Government of the Republic had fully approved the payment of such sums, and that payment would be forthcoming.

37. To date, the Republic owes CSPGF $361,511.28 in unpaid legal fees.

38. By failing to pay CSPGF's invoices and costs, the Republic is in breach of the Agreement.

**COUNT II**
**Alternative Count: Breach of Implied Contract / Quantum Meruit**

39. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth at length herein.

40. Even if the Court were to hold there was no express contract between the Republic and CSPGF as alleged in Count I, there was a contract implied-in-fact.

41. At the Republic's request, CSPGF vigorously defended the Republic for three years in connection with the Jenner & Block fee dispute.

42. In doing so, CSPGF rendered valuable services to the Republic, which the Republic accepted with full knowledge that CSPGF expected and was entitled to compensation for the services rendered.

43. The Republic received monthly invoices for the value of those services.

44. The Republic paid an initial retainer fee to CSPGF and subsequently remitted periodic payments to CSPGF upon receiving monthly invoices.

45. On or around June of 2025, the Republic became delinquent in its payments to CSPGF.

46. Not only did the Republic acknowledge the amount of unpaid invoices, but it also affirmatively expressed its obligation and intent to pay the same.

47. Despite such acknowledgment and assurances, the Republic did not remit payment to CSPGF for its legal services, and it presently owes CSPGF $361,511.28 in fees and costs.

48. By failing to compensate CSPGF for the value of its legal services, the Republic was and remains in breach of the implied-in-fact contract with CSPGF.

**COUNT III**
**Alternative Count: Unjust Enrichment**

49. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth at length herein.

50. Even if the Court finds that there was no contract between CSPGF and the Republic, permitting the Republic to retain the benefit of the services rendered by CSPGF would be unjust.

51. At the express direction of the Republic, CSPGF provided valuable legal services to the Republic in connection with the Jenner & Block fee dispute, including but not limited to: investigating Jenner and Block's claims, preparing and filing a motion to dismiss in response to Jenner and Block's lawsuit, developing and asserting claims on behalf of the Republic, engaging in discovery practice that utilized court proceedings to compel Jenner & Block to produce documents and other information about its lawsuit to the Republic, and negotiating terms of a settlement.

52. At all relevant times, CSPGF made clear to the Republic that it expected compensation for the legal services that CSPGF provided on the Republic's express instruction to perform this work.

53. The Republic benefitted from CSPGF's vigorous representation and legal services for almost three years.

54. The Republic's retention of the benefit of CSPGF's legal services without compensation to CSPGF is unjust and inequitable.

**PRAYER FOR RELIEF**

**WHEREFORE**, CSPGF respectfully requests that this Court enter judgment in its favor and against the Republic and that this Court:

a. Accept jurisdiction over this action;

b. Declare, adjudge, and decree that the Republic is in breach of an express, written contract;

c. Award CSPGF $361,511.28 in fees and costs, plus any interest accrued;

d. Award CSPGF its costs of litigation, including reasonable attorney's fees incurred in this action pursuant to the express terms of the written Agreement;

e. In the alternative, declare, adjudge, and decree that the Republic is in breach of an implied contract with CSPGF, awarding to CSPGF $361,511.28 in fees and costs, plus any interest accrued;

f. In the alternative, declare, adjudge, and decree that permitting the Republic to retain the value of the services rendered to it by CSPGF would be unjust, awarding to CSPGF $361,511.28 in fees and costs, plus any interest accrued; and

g. Grant all other such relief as the Court may deem just and proper.

Respectfully submitted,

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.**

**Date:** November 4, 2026

**By:**______________________________

Paul S. Thaler, Esquire (Bar ID 416614)
Jackson S. Nichols (Bar ID 975511)
Aurora D. Lynd (Bar ID 334069)
900 Seventh Street N.W.

Suite 725
Washington, DC 20001
(202) 466-4110
pthaler@cohenseglias.com
jnichols@cohenseglias.com
alynd@cohenseglias.com
*Attorneys for the Plaintiff*